AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Southern District of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 05 2014
ARTHUR JOHNSTON
BY _____ DEPUTY

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| RONALD REINE | ) | Case Number: 1:14cr8HSO-RHW-002 |
| | ) | USM Number: 17917-043 |
| | ) | Peter H. Barrett |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 of the Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 and 16 U.S.C. § 3373(d)(3)(B) | Conspiracy to Violate Lacey Act Involving Wildlife Valued at Less Than $350 in Violation of Federal Law (Lesser Included Offense) | 12/31/2012 | 1 |

The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  6 and 7   ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/30/2014
Date of Imposition of Judgment

/s/ Signature of Judge

The Honorable Halil Suleyman Ozerden U.S. District Judge
Name and Title of Judge

Nov. 5, 2014
Date

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
        Sheet 4—Probation

Judgment—Page __2__ of __5__

DEFENDANT:  RONALD REINE
CASE NUMBER:  1:14cr8HSO-RHW-002

# PROBATION

The defendant is hereby sentenced to probation for a term of:

Thirty-six (36) months

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- [ ] The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 4C — Probation

Judgment—Page __3__ of __5__

DEFENDANT: RONALD REINE
CASE NUMBER: 1:14cr8HSO-RHW-002

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall provide the probation officer with access to any requested financial information.

2) The defendant shall not hunt for a period of one year from the date of judgment. "Hunt" or "hunting," as that word is used in this Order, includes hunting anywhere in the world at any time during the term of supervision. That is, the defendant shall not hunt, shoot, wound, trap, kill, or attempt to hunt, shoot, wound, trap or kill wildlife or wild animals by any means. The defendant shall be prohibited from obtaining or renewing any license, permit, or other certificate that would entitle the defendant to hunt for a period of one year. Any current hunting license allowing the defendant to hunt is hereby suspended for a period of one year and the defendant shall surrender any such license.

3) The defendant shall make restitution to the Mississippi Department of Wildlife, Fisheries, and Parks, in the amount of $1,500,000. The restitution is owed jointly and severally with co-defendants Brian Reine, Bruce Swilley, and Omni Pinnacle, LLC. The payment of the restitution is due immediately. Any unpaid balance shall be paid at a rate of $3,500 per month with the first payment due 30 days after sentencing. This restitution is payable to the U.S. District Court Clerk, who will forward payment to the victim as listed on the judgment order. The interest requirement is waived.

4) The defendant shall be placed in the Location Monitoring Program for a period of six months. The defendant shall be monitored by radio frequency and shall abide by all technology requirements. The defendant shall pay all or part of the cost of participation in the Location Monitoring Program to the extent that the defendant is deemed capable by the probation office.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page   4   of   5

DEFENDANT: RONALD REINE
CASE NUMBER: 1:14cr8HSO-RHW-002

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 25.00 | $ 10,000.00 | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Mississippi Department of Wildlife, Fisheries, and Parks<br>ATTN: Richard Cook, Asst. Executive Director<br>1501 Eastover Drive<br>Jackson, MS 39211 |  | $1,500,000.00<br>jointly and severally<br>with Brian Reine<br>Bruce Swilley<br>Omni Pinnacle, LLC |  |
| TOTALS | $ 0.00 | $ 1,500,000.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the    ☑ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments

Judgment — Page __5__ of __5__

DEFENDANT: RONALD REINE
CASE NUMBER: 1:14cr8HSO-RHW-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ __10,025.00__ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
       term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

       The payment of the fine shall begin 30 days after sentencing. Any unpaid balance shall be paid at a rate of $1,000 per month. In the event that
       the fine is not paid in full prior to the termination of supervised release, the defendant is ordered to enter into an agreement with the U.S.
       Attorney's Financial Litigation Unit for payment of the remaining balance. Additionally, the value of any future discovered assets may be applied
       to offset the balance of criminal monetary penalties. The defendant may be included in the Treasury Offset Program allowing qualified allowing
       federal benefits to be applied to offset the balance of criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

    Restitution of $1,500,000.00 due jointly and severally with the following defendant, all in Criminal Case 1:14CR00008:
    Brian Reine, 0538 1:14CR00008-1; Bruce Swilley, 0538 1:14CR00008-3; Omni Pinnacle, LLC, 0538 1:14CR00008-4
    as outlined on page 4 hereof.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:

    Pursuant to Section 3373, Title 16, United States Code, the defendant shall forfeit all white-tailed deer transported into
    the State of Mississippi, one 2009 Ford Truck, VIN # 1FTXW43R19EA69181 and one breeding trailer, VIN #
    5N6200L26B1032539.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.